UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

|  |  |
|---|---|
| **Geraldine Whiting,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| **AFNI, INC.,** a foreign corporation, **CREDIT** | ) |
| **BUREAU OF BESSEMER, INC.,** a domestic | ) |
| corporation, **AMSHER COLLECTION** | ) |
| **SERVICES, INC.,** a domestic corporation, and | ) |
| **TRANS UNION, LLC,** a foreign limited liability | ) |
| company, | ) |
| | ) |
| *Defendants.* | ) |

Civil Action No.: 2:09CV459 – wha

**Plaintiff Demands Jury Trial**

## COMPLAINT

**COMES NOW** Plaintiff Geraldine Whiting, by and through the undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1.    This Complaint seeks actual, compensatory, statutory and / or punitive damages, including injunctive and declaratory relief, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter referred to as "the FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "the FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 8-19-1, *et seq.* (hereinafter referred to as "the ADTPA"),

and state common law causes of action.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15

U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant

to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and

2202.  Defendants' violations of Plaintiff's rights, as alleged herein, occurred in

Montgomery County, Alabama, and were committed within the Northern Division of the

Middle District of Alabama.

## PARTIES

3.    Plaintiff Geraldine Whiting (hereinafter referred to as "Plaintiff") is a natural person and

a resident and citizen of Lowndes County, the State of Alabama, and of the United States.

 Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code

1975, § 8-19-3(2).

4.    Defendant Afni, Inc. (hereinafter referred to as "Afni" or "Defendant") is a foreign

corporation engaged as a "debt collector" as defined by and within the meaning of the

FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined under Ala. Code 1975, § 8-19-

3(5), engaged in the business of collecting debts in this State where Afni regularly

collects or attempts to collect debts owed or due or asserted to be owed or due another

and whose principal purpose is the collection of debts using the mails and telephone.

5.    Defendant Credit Bureau of Bessemer, Inc. (hereinafter referred to as "Credit Bureau" or

"Defendant") is a foreign corporation engaged as a "debt collector" as defined by and

within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined

under Ala. Code 1975, § 8-19-3(5), engaged in the business of collecting debts in this

State where Credit Bureau regularly collects or attempts to collect debts owed or due or

asserted to be owed or due another and whose principal purpose is the collection of debts

using the mails and telephone.

6.      Defendant Amsher Collection Services, Inc. (hereinafter referred to as "Amsher" or

"Defendant") is a domestic corporation engaged as a "debt collector" as defined by and

within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" defined

under Ala. Code 1975, § 8-19-3(5), engaged in the business of collecting debts in this

State where Amsher regularly collects or attempts to collect debts owed or due or asserted

to be owed or due another and whose principal purpose is the collection of debts using the

mails and telephone.

7.      Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is

a foreign limited liability company licensed to do business within the state of Alabama.

Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FCRA,

regularly engaged in the business of assembling, evaluating, and dispersing information

concerning consumers for the purpose of furnishing consumer reports, as defined in

section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

### Defendants Afni, Credit Bureau, and Amsher:

8.      Plaintiff incorporates by reference herein paragraphs one (1) through seven (7).

9.      Plaintiff filed for debt relief under Title 11 of the United States Bankruptcy Code and was

discharged on June 26, 2007.[1]

10.    Notwithstanding the aforesaid, Defendants continue to report Plaintiff's accounts to one

or more of the three national consumer reporting agencies (hereinafter referred to as

"CRAs") as having current balances due and payable, rather than reflecting that such

were discharged in bankruptcy.  For example:

a.    Afni reported, and continues to report, to Trans Union that Plaintiff has an

outstanding balance with, and remains personally liable to, Afni for the amount of

$358.00.  More specifically, Afni's trade-line entry within Plaintiff's Trans Union credit

file indicates said account is in "Collections".

b.    Credit Bureau reported, and continues to report, to Trans Union that Plaintiff has

an outstanding balance with, and remains personally liable to, Credit Bureau for the

amount of $99.00.  More specifically, Credit Bureau's trade-line entry within Plaintiff's

Trans Union credit file indicates said account is in "Collections".

c.    Amsher reported, and continues to report, to Trans Union that Plaintiff has an

outstanding balance with, and remains personally liable to, Amsher for the amount of

$444.00.  More specifically, Amsher's trade-line entry within Plaintiff's Trans Union

credit file indicates states account is in "Collections".

11.    Defendants have intentionally, willfully and maliciously failed to implement reasonable

procedures to insure that Plaintiff's accounts are reported as having "0" balances as

contemplated by the Fair Credit Reporting Act.  The FTC's Official Staff Commentary §

---

1 United States Bankruptcy Court for the Middle District of Alabama, Case No.: 07-30373.

607 item 6 states that "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt." Notwithstanding that the Federal Trade Commission's Staff Commentary lacks substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures."

12.    Notwithstanding that Defendants properly update numerous accounts each month they have intentionally, maliciously and willfully refused to do so with Plaintiff, and other similarly situated consumers.  More specifically, Defendants have a policy to refuse to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.

13.    As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy Court for the Middle District of Alabama, "[t]he sheer number of … cases [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports] may suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy."[2]

---

2 In re Norman, 2006 WL 2818814 (Bankr.M.D.Ala. September 29, 2006) (citing *Irby v. Fashion Bug (In re Irby),* 337 B.R. 293 (Bankr.N.D.Ohio 2005) (reporting discharged debts as past due on credit report); *Helmes v. Wachovia Bank, N.A. (In re Helmes),* 336 B.R. 105 (Bankr.E.D.Va.2005) (reporting the discharged debt as "over 120 days past due" on credit report); *Smith v. Am. Gen. Fin. Inc. (In re Smith),* 2005 WL 3447645 (Bankr.N.D.Iowa Dec. 12, 2005) (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and "charged-off" on credit report); *In re Miller,* 2003 WL 25273851 (Bankr.D.Idaho Aug. 15, 2003) (listing discharged debts as still due on the consumer's credit report); *Vogt v. Dynamic Recovery Servs. (In re Vogt),* 257 B.R. 65 (Bankr.D.Colo.2000) (reporting discharged credit card debts as still owed on credit report); *Carriere v. Proponent Fed. Credit Union,* 2004 WL 1638250 (W.D.La. July 12, 2004) (reporting discharged debts as "charged off" and "past due 180 days" on credit report)).

14.   Defendants have promised, through their subscriber agreements or contracts with the
      CRAs to update accounts that have been discharged in bankruptcy but have willfully,
      maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as
      well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and
      state law which has resulted in this information remaining on Plaintiff's credit reports.

15.    Defendants have a policy to "park" their accounts on at least one of Plaintiff's credit
      reports.  This industry-specific term refers to keeping a false balance on the credit report
      so that the consumer will be forced to pay off the balance in order to obtain refinancing,
      qualify for a loan, or increase the consumer's credit score from the artificially lowered
      score which directly resulted from the Defendant's intentional and malicious conduct.

16.   Defendants have agreed to and understand they must follow the requirements of the
      FCRA including, but not limited to, the following:

      a)    15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any
            information relating to a consumer to any consumer reporting agency if the person
            knows or has reasonable cause to believe that the information is inaccurate."[3]

      b)    15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information
            relating to a consumer to any consumer reporting agency if -

            (i)    the person has been notified by the consumer, at the address specified by
                   the person for such notices, that specific information is inaccurate; and

            (ii)   the information is, in fact, inaccurate."

---

3 As indicated herein, Defendants have either affirmed the validity of, or attempted to collect upon, these debts by
reporting the same to the CRAs subsequent to Plaintiff's discharge.

c)   15 U.S.C. § 1681(a)(2) which states, "[a] person who -

(A)   regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B)   has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." (emphasis supplied).

17.   Defendants know that "parking" balances, to intentionally and maliciously coerce consumers into paying discharged debts, will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed.  Because Plaintiff's credit reports have been accessed since the discharge, such false information has been published to third parties.

18.   All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

19.   Defendants' actions – engaging in a pattern and practice of wrongful and unlawful behavior, *i.e.*, attempting to collect upon discharged debts – were malicious, wanton,

reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that their actions would very likely harm Plaintiff, and that their actions were taken in violation of the law.

20.     The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, ADTPA, federal law, and state law of Defendants, regarding Plaintiff's discharged debts, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiff will in the future continue to suffer.

**Defendant Trans Union:**

21.     Defendant has failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information it has published, and continues to publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

22.     Indisputably, based upon the sheer volume of factually identical actions, Defendant should reasonably be aware of the inadequacy of its procedures and implement policies to improve the accuracy of the information it publishes.  The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, resulting from procedures followed by its sources of information."

23.     Defendant's intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional

distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress,

mental and physical pain, embarrassment, and humiliation which Plaintiff will in the

future continue to suffer.

### COUNT ONE
### ALL DEFENDANTS
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *et seq.*

24.     Plaintiff incorporates by reference herein paragraphs one (1) through twenty-three (23).

25.     In the entire course of their actions, Defendants willfully and/or negligently violated

multiple provisions of the FCRA in one or more of the following respects:

a)      By willfully and/or negligently failing, in the preparation of the consumer

reports concerning Plaintiff, to follow reasonable procedures to assure maximum

possible accuracy of the information in the reports as required by 15 U.S.C. §

1681(e)(b);

b)      By willfully and/or negligently failing to comport with reinvestigation

procedures listed within 15 U.S.C. § 1681i;

c)      By willfully and/or negligently failing to fulfill their duties as listed within

section 15 U.S.C. § 1681s-2, *i.e.*, reporting information with actual knowledge of

errors, reporting information after notice and confirmation of errors, failing to

update and/or correct previously reported information determined to be inaccurate

or incomplete, failing to provide notice of dispute, and failing to provide notice of

closed account;

c)      Defaming Plaintiff by publishing to third parties false information

regarding Plaintiff's creditworthiness;

    d)      Invading the privacy of Plaintiff; and

    e)      Failing in their duty to prevent foreseeable injury to Plaintiff.

26.    The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

27.    As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual, compensatory, and statutory damages, if applicable punitive damages, and costs and attorney's fees under the FCRA.

## COUNT TWO
## DEFENDANTS AFNI, CREDIT BUREAU AND AMSHER
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

28.    Plaintiff incorporates herein by reference paragraphs one (1) through twenty-seven (27).

29.    Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes.  More specifically, Defendants violated the FDCPA by taking one or more of the following actions against Plaintiff:

    a)      Attempting to collect a debt by reporting and/or verifying a balance within the "Collections" section of at least one of Plaintiff's credit reports when there is no legal right to collect the discharged debt;

    b)      Taking illegal actions against Plaintiff;

c)     Refusing to properly update Plaintiff's accounts;

d)     Failing to show the accounts as being "disputed" by Plaintiff; and

e)     Reporting the invalid debt on Plaintiff's credit reports.

30.    The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard for Plaintiff's rights.

31.    As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for a declaratory judgment that their conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

### COUNT THREE
### ALL DEFENDANTS
### VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
### ALA. CODE 1975 § 8-19-3, *et seq.*

32.    Plaintiff incorporates herein by reference paragraphs one (1) through thirty-one (31).

33.    The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

34.    Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

35.    The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff

relied upon such representations as being lawful, yet such conduct is prohibited.

36.     The conduct described herein has tremendous potential to be repeated where other

consumers similarly situated will be treated with the same unscrupulous, unethical, unfair

and deceptive acts and practices.

37.     Defendants' unfair and deceptive acts have proximately caused emotional and actual

damages, and Defendants are liable to Plaintiff for such injury.

## COUNT FOUR
## DEFENDANTS AFNI, CREDIT BUREAU AND AMSHER
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

38.     Plaintiff incorporates herein by reference paragraphs one (1) through thirty-seven (37).

39.     Defendants' acts, as described herein, were done so negligently and without care or

concern for the well-being of Plaintiff.

40.     As a proximate consequence of Defendants' negligence, Plaintiff has been caused to

suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for

actual, compensatory, and punitive damages, costs and attorney's fees, and any other and

further relief deemed appropriate by this Court.

## COUNT FIVE
## DEFENDANTS AFNI, CREDIT BUREAU AND AMSHER
## HARASSMENT

41.     Plaintiff incorporates by reference herein paragraphs one (1) through forty (40).

42.      Defendants' acts, as described herein, were done so intentionally, maliciously, and

willfully, and without care or concern for Plaintiff's well being.  Defendant's harassing

collection tactics, and/or refusal to assure the accuracy of the information published

regarding Plaintiff, created a hostile environment for Plaintiff.

43.  As a proximate consequence of Defendants' harassment, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SIX
## ALL DEFEFNDANTS
## INVASION OF PRIVACY

44.  Plaintiff incorporates by reference herein paragraphs one (1) through forty-three (43).

45.  Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

46.  Defendants' actions were done so maliciously, without privilege, and with a willful intent to injury Plaintiff.

47.  As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SEVEN
## ALL DEFENDANTS
## DEFAMATION

48.  Plaintiff incorporates by reference herein paragraphs one (1) through forty-seven (47).

49.  Defendants published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

50.  Likewise, Defendants published false information about Plaintiff each time Plaintiff's

credit reports were accessed – which was the result intended by Defendants.

51.     The publications and defamations were done so maliciously, without privilege, and with a willful intent to injure Plaintiff.

52.     As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

**COUNT EIGHT**
**DEFENDANTS AFNI, CREDIT BUREAU AND AMSHER**
**INTENTIONAL MISREPRESENTATION**

53.     Plaintiff incorporates by reference herein paragraphs one (1) through fifty-two (52).

54.     Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented to others that Plaintiff owes money to that Defendant.

55.     Defendants intend that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

56.     Defendant intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

57.     As a proximate consequence of Defendants' intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT NINE
## DEFENDANTS AFNI, CREDIT BUREAU AND AMSHER
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.   Plaintiff incorporates by reference herein paragraphs one (1) through fifty-seven (57).

59.   Defendants' conduct, as described herein, was reckless and / or intentional, and
       performed with disregard for the rights of Plaintiff.

60.   As a proximate consequence of Defendants' extreme and outrageous conduct, Plaintiff
       has been caused to suffer severe emotional, mental and physical distress, and Defendants
       are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's
       fees, and any other and further relief deemed appropriate by this Court.

## COUNT TEN
## ALL DEFENDANTS
## DECLARATORY AND INJUNCTIVE RELIEF

61.   Plaintiff incorporates herein by reference paragraphs one (1) through sixty (60).

62.   A dispute exists as to whether Defendants have violated the FDCPA, FCRA, ADTPA,
       federal law or state law.

63.   Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that
       Defendants violated the FDCPA, FCRA, ADTPA, federal law, and state law, and
       Plaintiff is similarly entitled to an order enjoining said acts.

64.   As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual,
       compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs
       for time lost at work and litigating this matter.

65.   Defendants' actions, omissions, and violations, as alleged herein, constitute the negligent
       and intentional infliction of mental and emotional distress upon Plaintiff, proximately

causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

**PRAYER FOR RELIEF**

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a)   Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b)   Award Plaintiff actual damages;

c)   Award Plaintiff punitive damages;

d)   Award Plaintiff statutory damages where applicable;

e)   Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

f)   Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g)   Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED**, this the 14th day of May, 2009.

/s/

Anthony B. Bush (BUS028)
*Attorney for Plaintiff*
The Law Office of Jay Lewis, LLC
847 South McDonough Street, Suite 100
Montgomery, Alabama 36104
Phone:        (334) 263-7733

Facsimile:      (334) 832-4390
Bar Id. #:  ASB-7306-A54B
anthonybbush@yahoo.com

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

AFNI, INC.
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

CREDIT BUREAU OF BESSEMER, INC.
1920 3rd Avenue North
Bessemer, Alabama 35020

AMSHER COLLECTION SERVICE, INC.
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, AL 36104

TRANS UNION, LLC
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104