## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **GERALDINE WHITING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:  2:09CV459-WHA** |
| | ) | |
| **AFNI, INC., CREDIT BUREAU OF** | ) | |
| **BESSEMER, INC., AMSHER** | ) | |
| **COLLECTION SERVICES, INC.,** | ) | |
| **and TRANS UNION, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### DEFENDANT CREDIT BUREAU OF BESSEMER, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES

---

COMES NOW Defendant, Credit Bureau of Bessemer, Inc. (the "CBB"), by and through its attorneys of record and for its answer to the complaint and each and every paragraph thereof states as follows:

### PRELIMINARY STATEMENT

1.   Defendant CBB denies that any action or inaction by CBB violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*, the Fair Credit Reporting Act ("FCRA"), 15. U.S.C. § 1681, *et. seq.*, the Alabama Deceptive Trade Practices Act, Ala. Code 1975, § 8-19-1, *et. seq.* ("ADTPA").  Further CBB denies it violated Alabama common law as set

forth in the Preliminary Statement paragraph of the Plaintiff's Complaint. CBB denies the Plaintiff is entitled to any damages whether in the form of actual, statutory, attorney's fees, costs, compensatory or punitive damages and demands strict proof thereof.

## JURISDICTION AND VENUE

2.  While Defendant CBB admits this Court has jurisdiction over claims brought pursuant to 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, § 1332 and §1367, as well as the ADTPA, CBB denies it is liable to the Plaintiff under any of those statutes and therefore jurisdiction is not proper in this Court. Additionally, CBB denies complete diversity exists between the Plaintiff and Defendant CBB and denies there is an amount in controversy in excess of seventy-five thousand dollars ("$75,000.00") or that CBB is liable to Plaintiff in any amount that would invoke the jurisdiction of this Court. Further, CBB denies the venue is proper in as much as it is not liable to the Plaintiff.

## PARTIES

3.  Defendant CBB is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of the Complaint and, therefore, they are denied.

4.      Defendant CBB is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of the Complaint and, therefore, they are denied.

5.      Credit Bureau admits it is an Alabama corporation that is engaged in the collection of debt and does business in the state of Alabama.  Credit Bureau further admits that its principle place of business is in the state of Alabama. Credit Bureau admits it is subject to regulations pursuant to 15 U.S.C. § 1692 when it acts as a "debt collector" under the FDCPA.  Except as specifically admitted, Credit Bureau denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Defendant CBB is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, they are denied.

7.      Defendant CBB admits that Trans Union, LLC is a consumer reporting agency as defined by § 1681a(f) of the FCRA.  Upon information and belief Defendant CBB admits that Trans Union is a foreign limited liability company subject to § 1681a(d) of the FCRA.

## FACTUAL ALLEGATIONS

**Defendants Afni, Credit Bureau, and Amsher:**

8.   Defendant CBB incorporates by references responses to Paragraphs 1-7 of the Complaint as if set forth fully herein.

9.   Defendant CBB is without sufficient information to either admit or deny the statements contained in Paragraph 9 in the Complaint other than to reference the case noted by the Plaintiff in Paragraph 9 of the Complaint.

10.   Defendant CBB denies the general allegation contained in Paragraph 10, as well as subpart b of Paragraph 10 as it relates to Defendant CBB.  Defendant CBB is without sufficient information to either admit or deny the allegations contained in subparagraphs a and c of Paragraph 10.

11.   Defendant CBB denies the allegations contained in Paragraph 11 and demands strict proof thereof.

12.   Defendant CBB denies the allegations contained in Paragraph 12 and demands strict proof thereof.

13.   Paragraph 13 of the Complaint does not require a response from this Defendant.  To the extent that Paragraph 13 does require a response from Defendant CBB, would state it has no knowledge of the statement contained in Paragraph 13, other than the reference shown in the Complaint and the cases cited therein.

14.   Defendant CBB denies the allegations contained in Paragraph 14 of the Complaint and demands strict proof thereof.

15.   Defendant CBB denies the allegations contained in Paragraph 15 of the Complaint and demands strict proof thereof.

16.   Defendant CBB admits that it is subject to the requirements of 15 U.S.C. § 1681(a)(1)(A), 15 U.S.C. § 1681(a)(1)(B) and 15 U.S.C. § 1681(a)(2), but denies any violation of those statutes.

17.   Defendant CBB denies the allegation contained in Paragraph 17 to the extent it is intended to allege Defendant CBB has published false information to third parties concerning the Plaintiff.

18.   Defendant CBB denies that any actions or inactions by Defendant CBB have caused any damages or constitutes any violation of any statute or law alleged by the Plaintiff and therefore denies the allegations contained in Paragraph 18 of the Complaint.

19.   Defendant CBB denies the allegations contained in Paragraph 19 of the Complaint and demands strict proof thereof.

20.   Defendant CBB denies the allegations contained in Paragraph 20 of the Complaint and demands strict proof thereof.

**Defendant Trans Union:**

21.  Paragraph 21 of the Plaintiff's Complaint does not require an answer from Defendant CBB.  To the extent that an answer is required by Defendant CBB, Defendant CBB denies the allegations contained in Paragraph 21.

22.  Paragraph 22 of the Plaintiff's Complaint does not require an answer from Defendant CBB.  To the extent that an answer is required by Defendant CBB, Defendant CBB denies the allegations contained in Paragraph 22.

23.  Paragraph 23 of the Plaintiff's Complaint does not require an answer from Defendant CBB.  To the extent that an answer is required by Defendant CBB, Defendant CBB denies the allegations contained in Paragraph 23.

### COUNT ONE
### ALL DEFENDANTS
### VIOLATIONS OF THE FAIR CREDIT REPORTING
### ACT – 15 U.S.C. § 1681, *et. seq.*

24.  Defendant CBB incorporates by references responses to Paragraphs 1-23 of the Complaint as if set forth fully herein.

25.  Paragraph 25 of the Plaintiff's Complaint and all subparagraphs are denied by Defendant CBB and demands strict proof thereof.

26.  Defendant CBB denies the allegations contained in Paragraph 26 of the Plaintiff's Complaint and demands strict proof thereof.

27.  Defendant CBB denies it is liable to the Plaintiff for any allegations contained in the Complaint and denies that the Plaintiff is entitled to any

damages from Defendant CBB including actual, compensatory or statutory damages, punitive damages, costs or attorney's fees.

**COUNT TWO**
**DEFENDANTS AFNI, CREDIT BUREAU AND AMSHER**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, *et. seq.***

28.     Defendant CBB incorporates by references responses to Paragraphs 1-27 of the Complaint as if set forth fully herein.

29.     Defendant CBB denies the allegations contained in Paragraph 29 of the Complaint and all subparts thereto and demands strict proof thereof.

30.     Defendant CBB denies the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

31.     Defendant CBB denies it is liable to the Plaintiff for any allegations contained in the Complaint and denies that the Plaintiff is entitled to any damages from Defendant CBB including actual, compensatory or statutory damages, punitive damages, costs or attorney's fees.

**COUNT TWO**
**ALL DEFENDANTS**
**VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE**
**PRACTICES ACT – ALA. CODE 1975 § 8-19-3, *et. seq.***

32.     Defendant CBB incorporates by references responses to Paragraphs 1-31 of the Complaint as if set forth fully herein.

33.   Defendant CBB denies the statement contained in Paragraph 33 of the Complaint to the extent it attempts to assert a violation of the ADTPA against Defendant CBB.

34.   Defendant CBB denies the statement contained in Paragraph 34 of the Complaint to the extent it attempts to assert a violation of the ADTPA against Defendant CBB.

35.   Defendant CBB denies the allegations contained in Paragraph 35 of the Complaint and demands strict proof thereof.

36.   Defendant CBB denies the allegations contained in Paragraph 36 of the Complaint and demands strict proof thereof.

37.   Defendant CBB denies it is liable to the Plaintiff for any allegations contained in the Complaint and denies that the Plaintiff is entitled to any damages from Defendant CBB including actual, compensatory or statutory damages, punitive damages, costs or attorney's fees.

## COUNT FOUR
## DEFENDATNS AFNI, CREDIT BUREAU AND AMSHER
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

38.   Defendant CBB incorporates by references responses to Paragraphs 1-31 of the Complaint as if set forth fully herein.

39.   Defendant CBB denies the allegations contained in Paragraph 39 of the Complaint and demands strict proof thereof.

40.    Defendant CBB denies it is liable to the Plaintiff for any allegations contained in the Complaint and denies that the Plaintiff is entitled to any damages from Defendant CBB including actual, compensatory or statutory damages, punitive damages, costs or attorney's fees.

**COUNT FIVE**
**DEFENDATNS AFNI, CREDIT BUREAU AND AMSHER**
**HARASSMENT**

41.    Defendant CBB incorporates by references responses to Paragraphs 1-40 of the Complaint as if set forth fully herein.

42.    Defendant CBB denies the allegations contained in Paragraph 42 of the Complaint and demands strict proof thereof.

43.    Defendant CBB denies it is liable to the Plaintiff for any allegations contained in the Complaint and denies that the Plaintiff is entitled to any damages from Defendant CBB including actual, compensatory or statutory damages, punitive damages, costs or attorney's fees.

**COUNT SIX**
**ALL DEFENDATNS**
**INVASION OF PRIVACY**

44.    Defendant CBB incorporates by references responses to Paragraphs 1-43 of the Complaint as if set forth fully herein.

45.    Defendant CBB denies the allegations contained in Paragraph 45 of the Complaint and demands strict proof thereof.

9

46.   Defendant CBB denies the allegations contained in Paragraph 46 of the Complaint and demands strict proof thereof.

47.   Defendant CBB denies it is liable to the Plaintiff for any allegations contained in the Complaint and denies that the Plaintiff is entitled to any damages from Defendant CBB including actual, compensatory or statutory damages, punitive damages, costs or attorney's fees.

**COUNT SEVEN
ALL DEFENDANTS
DEFAMATION**

48.   Defendant CBB incorporates by references responses to Paragraphs 1-47 of the Complaint as if set forth fully herein.

49.   Defendant CBB denies the allegations contained in Paragraph 49 of the Complaint and demands strict proof thereof.

50.   Defendant CBB denies the allegations contained in Paragraph 50 of the Complaint and demands strict proof thereof.

51.   Defendant CBB denies the allegations contained in Paragraph 51 of the Complaint and demands strict proof thereof.

52.   Defendant CBB denies it is liable to the Plaintiff for any allegations contained in the Complaint and denies that the Plaintiff is entitled to any damages from Defendant CBB including actual, compensatory or statutory damages, punitive damages, costs or attorney's fees.

## COUNT EIGHT
## DEFENDANTS AFNI, CREDIT BUREAU AND AMSHER
## INTENTIONAL MISREPRESENTATION

53.   Defendant CBB incorporates by references responses to Paragraphs 1-52 of the Complaint as if set forth fully herein.

54.   Defendant CBB denies the allegations contained in Paragraph 54 of the Complaint and demands strict proof thereof.

55.   Defendant CBB denies the allegations contained in Paragraph 55 of the Complaint and demands strict proof thereof.

56.   Defendant CBB denies the allegations contained in Paragraph 56 of the Complaint and demands strict proof thereof.

57.   Defendant CBB denies it is liable to the Plaintiff for any allegations contained in the Complaint and denies that the Plaintiff is entitled to any damages from Defendant CBB including actual, compensatory or statutory damages, punitive damages, costs or attorney's fees.

## COUNT NINE
## DEFENDANTS AFNI, CREDIT BUREAU AND AMSHER
## INTENTIONAL INFLECTION OF EMOTIONAL DISTRESS

58.   Defendant CBB incorporates by references responses to Paragraphs 1-57 of the Complaint as if set forth fully herein.

59.   Defendant CBB denies the allegations contained in Paragraph 59 of the Complaint and demands strict proof thereof.

11

60.     Defendant CBB denies it is liable to the Plaintiff for any allegations contained in the Complaint and denies that the Plaintiff is entitled to any damages from Defendant CBB including actual, compensatory or statutory damages, punitive damages, costs or attorney's fees.

## COUNT TEN
## ALL DEFENDANTS
## DECLARATORY AND INJUNCTIVE RELIEF

61.     Defendant CBB incorporates by references responses to Paragraphs 1-60 of the Complaint as if set forth fully herein.

62.     Defendant CBB denies that there is a dispute and denies it has violated the FDCPA, FCRA, ADTPA, federal law or state law.

63.     Defendant CBB denies that the Plaintiff is entitled to any injunctive, declaratory or other relief from Defendant CBB or that Plaintiff is entitled to any order adjoining any act by CBB.

64.     Defendant CBB denies the allegations contained in Paragraph 64 of the Complaint and demands strict proof thereof.

65.     Defendant CBB denies the allegations contained in Paragraph 65 of the Complaint and demands strict proof thereof.

## PRAYER FOR RELIEF

Defendant CBB denies that Plaintiff is entitled to any relief prayed for in the WHEREFORE clause of the Complaint, demands strict proof thereof and will

assert a claim for costs and fees associated with the defense of this frivolous lawsuit against Defendant CBB.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The damages asserted on behalf of the Plaintiff are the result of an intervening or superseding cause.

### SECOND DEFENSE

One or more counts/claims of the Complaint may be preempted by federal law.

### THIRD DEFENSE

Plaintiff's damages, if any, were not caused by Credit Bureau, but by another person or entity for which this Credit Bureau is not responsible.

### FOURTH DEFENSE

Plaintiff's claims may be barred by the doctrines of waiver, estoppel, issue preclusion, accord and satisfaction, ratification, consent, release, acquiescence and laches.

### FIFTH DEFENSE

Plaintiff's claims may be barred by a failure to mitigate the alleged damages.

### SIXTH DEFENSE

There was no breach of any duty owing by Defendant to the Plaintiff.

**SEVENTH DEFENSE**

Plaintiff's claims are barred in whole or in part because of comparative and/or contributory negligence.

**EIGHTH DEFENSE**

Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such error.

**NINTH DEFENSE**

This Defendant denies that it willfully failed to comply with any provisions of the Fair Debt Collection Practices Act.

**TENTH DEFENSE**

This Defendant pleads any state law causes of action asserted by Plaintiff are preempted by the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.

**ELEVENTH DEFENSE**

Imposition of mental anguish damages, without any accompanying physical or bodily injury, under provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violates the Fifth and Fourteenth Amendments to the United States Constitution and/or the

common law and/or the public policies of the United States on the following grounds:

(a)  The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

(b)  The procedures pursuant to which such damages are awarded fail to provide specific standards for the award of such damages, which violates the Due Process Clause of the fourteenth Amendment of the United States Constitution.

(c)  Plaintiff's claim for such damages against this defendant cannot be sustained because an award of such damages under Alabama law is subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and will violate this Defendant's due process and equal protection rights as guaranteed by the fifth and fourteenth Amendments to the United States Constitution.

(d)  Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights in as much as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards *as* to *any actual* injury or harm.

(e)  Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

(f)  Plaintiff's claims of such damages, and the provisions of Alabama law governing the right to recover such damages or the determination of such damages, cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's

conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(g)    The procedures pursuant to which mental anguish damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of this Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

(h)    Plaintiff's claims for such damages, and the provisions of Alabama laws governing the right to recover such damages or the determination of damages exposes this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's alleged conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

(i)    An award of such damages in this case would constitute a deprivation of property without due process of law.

(j)    The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

**TWELFTH DEFENSE**

Plaintiff's claims to mental anguish or emotional distress damages without any accompanying physical or bodily injury, and the provisions of Alabama law governing the right to recover such damages or the determination of the amount of such damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

(a)    The procedures pursuant to which such damages are awarded fail to provide a reasonable limit on the amount of such damages against a

16

defendant in violation of this Defendant's due process rights guaranteed by the Alabama Constitution.

(b)     The procedures pursuant to which such damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process if law in violation of the Alabama Constitution.

(c)     The procedures pursuant to which such damages are awarded fail to provide specific standards for the amount of an award of damages and deprive this Defendant of due process of law in violation of the Alabama Constitution.

(d)     An award of damages in this case would constitute a deprivation of property without due process of law.

(e)     The procedures pursuant to which such damages are awarded cause this Defendant to be treated differently from other similarly situated persons and/or entities by subjecting this Defendant to liability beyond the actual loss or harm, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(f)     The procedures pursuant to which such damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this Defendant of its rights of equal protection and due process.

(g)     The procedures pursuant to which such damages are awarded subject this Defendant to liability for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among allegedly joint tortfeasors with respect to the respective enormity of their alleged misconduct, in violation of Defendant's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

(h)     The procedures pursuant to which such damages are awarded expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by this Defendant's conduct, creating a

chilling effect on the Defendant's exercise of their right to a judicial resolution of this dispute.

(i)     The procedures pursuant to which such damages are awarded are not rationally related to legitimate government interests.

(j)     Plaintiff's claims for such damages against this Defendant cannot be sustained because an award of such damages under Alabama law subject to no predetermined limit nor any guidelines of any sort on the amount of such damages that a jury may impose, and will violate this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(k)     Plaintiff's claims for such damages against this Defendant cannot be sustained because any award of such damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award such damages as they see fit or as a matter of "moral discretion" without adequate or specific standards.

## THIRTEENTH DEFENSE

In the calculation of any appropriate multiple of compensatory damages for punitive damages against this Defendant, the *use* of any mental anguish damages without any accompanying physical or bodily injury to Plaintiff, in connection with an alleged breach of warranty or contract would be unjust and violate the Due Process Clause and Equal Protection Clause of the 5th, 8th and 14th Amendment to the United States Constitution, and the relevant provisions of the Alabama Constitution, inasmuch as mental anguish damages are so highly speculative that they do not provide compensatory damages sufficient to support a multiple of

punitive damages appropriate under *BMW v. Gore,* 115 S.Ct. 1589 (1996*), and its progeny.

## FOURTEENTH DEFENSE

Any claim by Plaintiff for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in the ruling on the case of *BMW v. Gore,* 115 S.Ct. 1589 (1996).

## FIFTEENTH DEFENSE

The Plaintiff is barred from recovering any punitive damages against Defendant for reason that the elements set forth under Ala. Code (1975) § 6-11-27 cannot be satisfied by Plaintiff.

## SIXTEENTH DEFENSE

The Plaintiff is barred from recovering punitive damages in excess of those limits established by Ala. Code (1975) § 6-11-21, as amended.

## SEVENTEENTH DEFENSE

By virtues of Ala. Code (1975) § 6-11-20, punitive damages are not recoverable in this case.

## EIGHTEENTH DEFENSE

As an Affirmative Defense, Defendant affirmatively pleads that any claims for punitive or exemplary damages violate the Defendant's right to due process of law in the United States and Alabama Constitutions.

## NINETEENTH DEFENSE

Defendant denies that it is guilty of conduct for which punitive damages could or should be awarded and denies Plaintiff has produced clear and convincing evidence to support or sustain an award of punitive damages against this Defendant.

## TWENTIETH DEFENSE

Plaintiff cannot recover punitive damages against this Defendant because any such award would be penal in nature and would violate this Defendant's constitutional rights protected under the Alabama Constitution of 1901 and the Constitution of the United States, unless this Defendant is afforded the same procedural safeguards as is a criminal Defendant, including but not limited to, the right to avoid self-incrimination, the right to forego production and disclosure of incriminating documents, and the right to the requirement of proof beyond a reasonable doubt.

## TWENTY-FIRST DEFENSE

Defendant pleads the constitutional limitations set forth in *BMW v. Gore*, 115 S.Ct. 1589 (1996) decided by the United States Supreme Court since determination of the amount or proper circumstances for an award of punitive damages without consideration of this limitations would deny this Defendant due

process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of Alabama.

## TWENTY-SECOND DEFENSE

Subjecting this Defendant to punitive damages, or affirming an award of punitive damages against this Defendant in this case, would amount to and constitute a denial of due process as afforded by the due process clause of the Fourteenth Amendment to the United States Constitution, and by the due process clause of Article I § 13 of the Alabama Constitution, as a deprivation of property without due process, based upon the following grounds and circumstances, severally and separately assigned:

(a) An award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant without due process of law.

(b) The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(c) The procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages.

(d) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

(e) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this Defendant.

(f)     Under Alabama law and procedures governing the award and assessment of punitive damages, there is no objective, logical or reasonable standard or criteria which govern the award, or the amount of the award of punitive damages.

(g)     Alabama procedures pursuant to which amounts of punitive damages are awarded permit the imposition of different penalties for the same or similar acts.

(h)     An award of punitive damages may be assessed against this Defendant vicariously as a principal without any further proof of independent, wrongful conduct or ratification by this Defendant.

(i)     An award of punitive damages may be assessed against this Defendant for unauthorized acts of agents without any additional requirement of knowledge or fault on the part of this Defendant.

(j)     Where a joint and several punitive damages award is mandated to be in a single amount against this Defendant, such a rule additionally violates a Defendant's right to trial by jury as the jury would be prohibited from apportioning damages against the Defendant according to the degree of culpability of the conduct of the Defendant.

(k)     Should the court require the award of punitive damages in a single, joint, and several verdict of one amount, an adoption of this non-apportionment rule would be contrary to the objective of punishing specific misconduct and would be contrary to the objective of assessing punitive damages according to the culpability of conduct.

(l)     In the event a single verdict is mandated against Defendant herein for an award of punitive damages in this case, such a single verdict would be imposed regardless of the degree of culpability of a particular Defendant, and such a non-apportionment rule could result in a joint and several verdict against Defendant whereby punitive damages could be assessed against one Defendant based in part upon culpability of another Defendant, and such a joint verdict in a single amount could be enforced against this Defendant for any portion of that judgment regardless of this Defendant's culpability or relative culpability.

22

(m)     Under Alabama law and procedure, there is no objective or rational criteria for the amount of the award of punitive damages as it relates or compares to the assessment of compensatory damages, or amount of compensatory damages.

(n)     Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and the interest or goals of the State of Alabama relating to the imposition or allowance of punitive damages.

(o)     Under Alabama law and procedure, there is no objective, logical or rational relationship between the award, or the amount of the award, of punitive damages and the Defendant's alleged wrongful or culpable conduct.

(p)     The power and authority imposed upon the jury under Alabama law as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages.

(q)     Any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria.

(r)     Use of the Alabama Pattern Jury Instruction 11.03 in instructing the jury as to the amount of punitive damages, and the amount of such an award, does not provide sufficient guidance or standards for the award or amount of punitive damages.

(s)     There is a lack of reasonable standard necessary to instruct the jury on the propriety and amount of any punitive damages award and such an award is subject to no predetermined limits.

(t)     Any award of punitive damages against this Defendant under the evidence of this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt.

## TWENTY-THIRD DEFENSE

Awarding punitive damages in this case against this Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

## TWENTY-FOURTH DEFENSE

To award punitive damages against this Defendant in this case would have a chilling effect upon the Defendant's right to open access to the courts of this state, in violation of the United States Constitution and Alabama Constitution, separately and severally.

## TWENTY-FIFTH DEFENSE

To award punitive damages against this Defendant in this case would violate the Contracts Clause of Article I, § 10 of the United States Constitution, as an award of punitive damages would impair the contractual obligations arising out of the transaction between the Plaintiff and this Defendant.

## TWENTY-SIXTH DEFENSE

Based upon Alabama procedures relative to punitive damages, which provide no objective, logical, or reasonable standards or criteria which govern an award, and the amount of the award, of punitive damages, this Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the

United States Constitution, and Article I §§ 1, 6 and 22 of the Alabama Constitution separately and severally.

## TWENTY-SEVENTH DEFENSE

In the event and to the extent that the award of punitive damages or the amount of the award of punitive damages under present Alabama practice and procedure is deemed to be governed by Alabama Code § 6-11-20, then and to that extent, said Section violates the Alabama Constitution and the United States Constitution, separately and severally, based upon the grounds numerated and set forth in the foregoing paragraphs.

## TWENTY-EIGHTH DEFENSE

The demand for punitive damages in this case is subject to those limitations established by the Alabama Legislature set forth in Section 6-11-21 of the Alabama Code.   The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional.   Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the Legislature as to punitive damages.

## TWENTY-NINTH DEFENSE

Multiple punitive damage awards potentially may be assessed against this Defendant in violation of the Constitutions of the United States and of the State of

Alabama, in violation of this Defendant's right to due process and to a jury trial, and in violation of this Defendant's rights against double jeopardy.

## THIRTIETH DEFENSE

This Defendant reserves the right to amend the Answer, to raise any claims and/or additional defenses that may become available during the discovery process.

## THIRTY-FIRST DEFENSE

The Plaintiff has not plead and cannot prove justifiable reliance on any statement made by CBB.

## THIRTY-SECOND DEFENSE

Plaintiff's bankruptcy petition fails to list as a creditor the account which CBB is attempting to collect and therefore it was not discharged in bankruptcy and the Plaintiff still owes the debt.

## THIRTY-THIRD DEFENSE

Neither CBB nor the creditor for whom CBB was attempting to collect a debt were given notice of the bankruptcy and therefore had no knowledge that the Plaintiff allegedly discharged the debt in bankruptcy.

## THIRTY-FOURTH DEFENSE

The account CBB was attempting to collect is a valid debt and has not been discharged and therefore is still collectible by CBB.

## THIRTY-FIFTH DEFENSE

The debt CBB was attempting to collect was not subject to the protection of Chapter 11 of the Bankruptcy Code and, therefore, Defendant CBB is not liable to the Plaintiff for any alleged violation of the FCRA or the FDCPA in its attempts to collect a debt.

## THIRTY-SIXTH DEFENSE

The Defendant CBB is not liable to the Plaintiff under the ADTPA.

## THIRTY-SEVENTH DEFENSE

The Plaintiff's claims for defamation are preempted by the FDCPA.

## THIRTY-EIGHTH DEFENSE

The Plaintiff cannot show a causal relationship between the allegations of the Complaint and any alleged damages she has suffered as they relate to Defendant CBB.

## THIRTY-NINTH DEFENSE

Defendant CBB denies that it owed any duty to the Plaintiff.

## FORTIETH DEFENSE

Defendant CBB denies that any attempt by CBB to collect a debt owed by the Plaintiff is not an invasion of privacy under Alabama law.

**FORTY-FIRST DEFENSE**

Defendant CBB denies that a cause of action exists under Alabama law for harassment.

**FORTY-SECOND DEFENSE**

Defendant CBB denies any misrepresentations were made to the Plaintiff by Defendant CBB.

**FORTY-THIRD DEFENSE**

Defendant CBB denies any action or course of business is taken with respect to the Plaintiff's outstanding account was prohibited, unfair or deceptive under the ADTPA.

DATED this 17th day of July, 2009.

/s/Laura C. Nettles
Laura C. Nettles (ASB 5805-S63L)
**LLOYD, GRAY & WHITEHEAD, P.C.**
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
(205) 967-8822 – Telephone
(205) 967-2380 – Facsimile
lnettles@lgwpc.com

Attorney for Defendant,
Credit Bureau of Bessemer, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **<u>July 17, 2009</u>**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Anthony B. Bush, Esq.
The Law Office of Jay Lewis, LLC
847 South McDonough St., Ste. 100
Montgomery, Alabama 36104
*Counsel for Plaintiff*

Kary Bryant Wolfe
Timothy Michael Davis
Walston, Wells & Birchall, LLP
P.O. Box 830642
Birmingham, AL 35283-0642
*Counsel for Trans Union, LLC*

Patrick W. Franklin
Neal DeWitt Moore, III
Ferguson, Frost & Dodson, L.L.P.
2500 Acton Road, Suite 200
Birmingham, AL 35243
*Counsel for Amsher Collection Services, Inc.*

I hereby certify that I have served a copy of the foregoing document via U.S. Mail, properly addressed and postage pre-paid:

AFNI, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

*/s/Laura C. Nettles*
OF COUNSEL